

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENN ALAN KINCAID,<br><br>Plaintiff,<br><br>v.<br><br>GARRY LUCAS; CLARK COUNTY;<br>DEPUTY DEAN NELSON,<br><br>Defendant. | Case No. C 98-5519 JKA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

THIS MATTER comes before the court on Defendants' Motion for Summary Judgment. The court has reviewed all materials submitted in support of and in response to said motion, as well as the files and records herein.

Plaintiff seeks damages resulting from his September 27, 1996, arrest by Clark County Deputy Dean Nelson. It appears undisputed that Deputy Nelson arrested plaintiff for violating RCW 9.91.060, which reads as follows:

> Every person having the care and custody, whether temporary or permanent, of minor children under the age of twelve years, who shall leave such children in a parked automobile unattended by an adult while such person enters a tavern or other premises where vinous, spirituous, or malt liquors are dispensed for consumption on the premises shall be guilty of a gross misdemeanor.

Deputy Nelson claims to have been dispatched to the Cascade Tavern on a citizens complaint that a child had been left unattended in a vehicle parked outside the tavern. It is acknowledged that Deputy Nelson

ORDER
Page - 1

arrived at the tavern, contacted the child in the vehicle and determined the child to be twelve years of age. After conferring with fellow deputy Waddell and consulting his Sergeant by telephone regarding the elements of the statute and probable cause, Deputy Nelson concluded that he had probable cause to arrest plaintiff who allegedly acknowledged leaving the twelve year old child unattended while he entered the tavern to say good bye to a retiring co-worker and consuming alcohol while there. Deputy Nelson booked the plaintiff into the Clark County Jail. Plaintiff posted bail and was released. Disputed facts exist regarding defendant Nelsons subjective attitude and motivation to arrest the plaintiff. They are not germane to the resolution the pending motion.

Plaintiff seeks federal relief under 42 U.S.C. §1983 and under the Fifth and Fourteenth Amendments. Plaintiff also advances state claims under this Court's supplemental jurisdiction. The parties have stipulated in their Joint Status Report to both federal and supplemental jurisdiction.

Defendants seek Summary Judgment on the following bases:

1) that Plaintiff's complaint fails to state a Fifth or Fourteenth Amendment claim under which relief can be granted; and

2) that following dismissal of plaintiff's federal claims, this court should not exercise it's supplemental jurisdiction, and dismiss plaintiff's state law claims without prejudice.

### Plaintiff's federal claims against defendant Nelson

Defendant Nelson asserts that plaintiff's Fifth and Fourteenth amendment claims must fail because 1) a § 1983 claim advanced on a theory of a violation of substantive due process, is insufficient if based on conduct that "fails to shock the conscience," and 2) where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claim under that explicit provision and not the more generalized notion of "substantive due process."

With regard to defendant's position that defendant Nelson's alleged conduct could not "shock the conscience", it appears from *L.W. v. Grubbs*, 92 F.3d 894(9th Cir. 1996) that "deliberate indifference" is the true test, and that such criteria as "gross ", "reckless", and "shocking" lend more heat than light to the analysis. In this case defendants seem to suggest that after conferring with a fellow deputy and his supervisor, it was no more than "negligent" to believe that the wording of RCW 9.91.060 included twelve year old children. It is beyond this court's comprehension how any reading of the words "minor children

under the age of twelve years" could be construed to include a twelve year old child. The words are patently clear on their face. They are not subject to an interpretation (expressly or by way of inference) which would include a twelve year old. Had the arrest been made with only a general awareness of the statute, it might arguably have been negligent. But to search the statute out, read it, review it with your colleague and supervisor, and then make the arrest of someone whose conduct was clearly not within the parameters of the statute is act of "deliberate indifference."

Defendant Nelson's argument that implication of the Fourth Amendment would provide him with qualified immunity is flawed on the same basis. Defendant argues that he is entitled to qualified immunity because his belief in the existence of probable cause to arrest plaintiff, although mistaken, was objectively reasonable under the circumstances. Nowhere does defendant support his claim that probable cause to arrest the defendant for leaving a twelve year old in a parked car while entering a tavern was objectively reasonable when the statute he sought to support his probable cause arrest specifically stated the child had to be "under the age of twelve years". Defendant cites *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806 (1985) for the proposition that a defendant is entitled to qualified immunity unless the law clearly proscribed his conduct. The law defendant Nelson relied on (R.C.W. 9.91.060) did exactly that. Preexisting law was clearly established and the court has been furnished with no explanation as to how Nelson could reasonably have believed his conduct to be lawful. The defendant has conceded facts which establish than no reasonable officer in the defendant's position could have reasonably believed under the circumstances that the action taken was lawful (i.e. that the statute authorized the arrest of one who left a twelve year old child unattended in a vehicle outside a tavern).

### Plaintiff's federal claims against Sheriff Gary Lucas and Clark County

Defendants Lucas and Clark County seek summary judgment on the basis that municipal liability under § 1983 must be premised on an "official policy" or a custom which is so persistent and widespread that it constitutes a permanent and well settled municipal policy, citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986); *Christie v. Iopa*, 176 F.3d 1231(9th Cir. 1999); *Trevino v. Gates*, 99 F.3d 911 (9th Cir.1996).

Plaintiff seeks to bootstrap his way to the "official policy" or "persistent and widespread custom" qualified immunity exception by relying on a subsequent incident (Strano) involving deputy Waddell and

ORDER
Page - 3

1  defendant Nelson. This is clearly insufficient. The Strano incident arose out of a complicated domestic
2  disturbance about which there as many versions as witnesses – a matter which by any version cried out for
3  intervention. The principal allegations of misconduct are not against deputy Nelson, but rather deputy
4  Waddell (who though peripherally involved is not a defendant in this action). Plaintiff further suggests
5  that the counties response to the arrest of plaintiff without probable cause establishes a "policy" creating
6  municipal liability. Lastly plaintiff suggests that the collective wisdom of Nelson, Waddell, and the
7  supervising Sergeant regarding the applicability of RCW 9.91.060 supports a lack of training. While it is
8  difficult to imagine the latter conclusion of the deputies and their supervisor, none of plaintiffs arguments
9  establish a "policy" which would supercede the qualified immunity of Sheriff Lucas and Clark County.

*Defendant Nelson's Motion for Summary Judgment is hereby denied.*

*Defendants Clark County and Lucas Motion for Summary Judgment is hereby granted.*

*Defendants request for dismissal of plaintiff's state law claims without prejudice is hereby denied.*

November 17th, 2000.

_____
J. Kelley Arnold, U.S. Magistrate Judge